UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ANTHONY GARRISON and** } | |
| **MALINDA TURNER,** } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 4:20-cv-459-ACA |
| } | |
| **UNITED STATES OF AMERICA,** } | |
| et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant United States of America's motion to dismiss, or in the alternative, motion for summary judgment as to Plaintiff Malinda Turner's Federal Tort Claims Act ("FTCA") claim. (Doc. 6). Because the United States relies on evidence outside the four corners of the complaint (*see* Doc. 6 at 12–23), the court considers the motion as one for summary judgment, pursuant to Federal Rule of Civil Procedure 56.

Ms. Turner and Anthony Garrison filed this lawsuit seeking damages for injuries they suffered in a car accident. (Doc. 1). The complaint asserts an FTCA claim against the United States based on the alleged negligence of a United States Navy employee. The complaint also asserts a negligence and wantonness claim

against Clarence Durden and an uninsured or underinsured motorist coverage claim against State Farm Automobile Insurance Company.

In its motion for summary judgment, the United States argues that Ms. Turner's FTCA claim is barred by the statute of limitations because she filed suit more than six months after the date that the United States Navy mailed notice of a final denial of her administrative tort claim. (Doc. 6 at 1–2). The court ordered Ms. Turner to file a response to the United States' motion on or before June 29, 2020. (Doc. 10). To date, Ms. Turner has not filed a response in opposition to the motion or any other document. Therefore, the court considers the motion unopposed.

Although Ms. Turner failed to oppose the United States' motion, the court "cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)). This is because, even when a motion for summary judgment is not opposed, "the movant is not 'absolved of the burden of showing that it is entitled to judgment as a matter of law.'" *Reese v. Herbert*, 527 F.3d 1253, 1268–69 (11th Cir. 2008).

In evaluating an unopposed summary judgment motion, the court is not required to perform a "*sua sponte* review of all the evidentiary materials on file," but must only "ensure that the motion itself is supported by evidentiary materials." *One Piece*, 363 F.3d at 1101–02. Therefore, the court's review of the record is limited to "the materials submitted by [the United States] in support of its motion." *Reese*, 527 F.3d at 1269 n.26.

Upon a review of the motion and the supporting materials, the court **GRANTS** the United States' motion for summary judgment because Ms. Turner's FTCA claim is untimely.

I.   **RELEVANT BACKGROUND**

On a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

Ms. Turner was involved in a car accident on April 6, 2018 in Hoover, Alabama. (Doc. 1 at 2, ¶ 4; Doc. 6 at 16). A United States Navy employee entered the road from a private driveway and struck Defendant Clarence Durden's car. (Doc. 1 at 3, ¶ 1). Mr. Durden then rear ended Ms. Turner's car. (Doc. 1 at 4, ¶ 2).

On January 15, 2019, Ms. Turner submitted a $10,000 personal injury claim to the Office of the Judge Advocate General Tort Claims Unit Norfolk. (Doc. 6 at

13, ¶ 1).  A United States Tort Claims Attorney made a partial settlement offer on Ms. Turner's FTCA claim through her counsel.  (Doc. 6 at 13, ¶ 2).  Neither Ms. Turner nor her counsel responded to the offer.  (Doc. 6 at 14, ¶ 3).

In a June 10, 2019 letter to Ms. Turner's counsel, the Navy denied Ms. Turner's administrative tort claim.  (Doc. 6 at 19).  The letter explained that based on the Navy's investigation, the United States was not liable under the FTCA for the damages claimed.  (*Id.*).  The letter also advised that if Ms. Turner did not agree with the decision, she had "six months from the date of mailing of this letter to file suit in the appropriate Federal district court."  (*Id.*).  The Navy mailed the letter on June 11, 2019.  (Doc. 6 at 21–23).   It was delivered to Ms. Turner's attorney's office on June 18, 2019.  (*Id.*).

Ms. Turner filed this lawsuit on April 3, 2020.  (Doc. 1).

## II. DISCUSSION

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Hamilton*, 680 F.3d at 1318.  "[T]here is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (quotation marks omitted).

The United States moved for summary judgment, arguing that Ms. Turner's FTCA claim is barred because Ms. Turner did not file her lawsuit until more than six months after the Navy mailed a notice of final denial of her administrative claim. (Doc. 6). The court agrees.

Under the FTCA, United States district courts have "exclusive jurisdiction over claims for damages against the United States arising from personal injury 'caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Swafford v. United States*, 839 F.3d 1365, 1369 (11th Cir. 2016) (quoting 28 U.S.C. § 1346(b)(1)). "It is well established that the FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed." *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001). The FTCA provides that a claimant must file an administrative tort claim "in writing to the appropriate Federal agency within two years after" the claim accrues. 28 U.S.C. § 2401(b). In addition, a plaintiff must then file an action against the United States "within six months after the date of mailing . . . of notice of final denial of the claim by the agency," or the claim "shall be forever barred." *Id.*

Although Ms. Turner filed a timely administrative claim, it is undisputed that she did not file suit within six months of mailing of the notice of final denial of her claim. The Navy mailed a final denial on June 11, 2019. (Doc. 6 at 21–23).

But Ms. Turner did not file suit until nearly nine months later, on April 3, 2020. (Doc. 1). Because she did not file her action within six months of the mailing of the final denial, Ms. Turner's FTCA claim is "forever barred." *See* 28 U.S.C. § 2401(b).[1]

### III. CONCLUSION

The court **GRANTS** the United States' motion for summary judgment as to Ms. Turner's FTCA claim. (Doc. 6). The court **WILL ENTER JUDGMENT AS A MATTER OF LAW** in favor of the United States and against Ms. Turner on her FTCA claim. The court will enter a separate partial judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 10, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[1] The court recognizes that equitable tolling applies to the FTCA's statute of limitations. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). "Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quotations omitted). Ms. Turner has not argued that her FTCA claim is subject to equitable tolling, and the court finds there is no basis to equitably toll the time limitation that bars Ms. Turner's claim.